| | |
|---|---|
| 1 | Timothy D. Cohelan, SBN 60827 |
|   | Isam C. Khoury, SBN 58759 |
| 2 | Michael D. Singer, SBN 115301 |
|   | J. Jason Hill, SBN 179630 |
| 3 | **COHELAN KHOURY & SINGER** |
|   | 605 C Street, Suite 200 |
| 4 | San Diego, CA 92101-5305 |
|   | TEL:   (619) 595-3001 |
| 5 | FAX:  (619) 595-3000 |
|   | tcohelan@ck-lawfirm.com |
| 6 | ikhoury@ck-lawfirm.com |
|   | msinger@ck-lawfirm.com |
| 7 | jhill@ck-lawfirm.com |

Attorneys for Plaintiff MICHAEL KARLBOM and DONALD PRATKO on behalf of themselves and all others similarly-situated

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL KARLBOM and DONALD PRATKO on behalf of themselves and all others similarly-situated, | ) CASE NO. 09CV0849 LAB (RBB) ) ) |
| Plaintiffs, | ) **CLASS ACTION** ) |
| v. | ) **DECLARATION OF J. JASON HILL IN** ) **SUPPORT OF PLAINTIFFS'** ) *SUPPLEMENTAL BRIEF* **RE: REMAND** ) |
| EDS, AN HP COMPANY; HEWLETT-PACKARD COMPANY, a Delaware Corporation; ELECTRONIC DATA SYSTEMS, LLC, a Delaware limited liability entity; ELECTRONIC DATA SYSTEMS CORPORATION, a Texas Corporation and DOES 1 through 100, Inclusive, | ) ) ) ) Date:       February 22, 2010 ) Time:      11:15 a.m. ) Place:     Courtroom 9 ) |
| Defendants. | ) The Hon. Larry A Burns, District Court Judge ) ) Complaint filed:   March 16, 2009 ) Trial Date:           None Set |

I, J. Jason Hill, hereby declare as follows:

1. I am an attorney duly licensed to practice before this court and I am an associate in the law firm of Cohelan Khour & Singer, counsel of record for Plaintiffs and the proposed class. Based on my position, I have personal knowledge of the following facts and I would and could competently testify hereto in open court and under oath if called to do so.

2. This is a putative wage and hour class action for overtime mis-classification originally filed in San Diego Superior Court. The claims arise <u>solely</u> under California law and encompasses what Plaintiffs estimate to be a limited class of around 300 persons. Defendant removed the action on the grounds that the $5,000,000 Class Action Fairness Act ("CAFA") threshold as to the amount in controversy was satisfied. In connection with a defense motion to stay or transfer this action, Plaintiffs sought remand based on a lack of subject matter jurisdiction on the grounds that the original pleading specifically alleged that the amount in controversy was below CAFA's $5,000,000 threshold. Plaintiffs' also raised the additional observation that in light of HP's acquisition of EDS in August 2008 (before the Complaint was filed) that CAFA's local case or controversy limitations also applied to negate HP's efforts to force the matter into the federal judiciary. (See, 28, U.S.C. §1332(d)(3) and (4); a true and correct copy of Section 1332 is attached for ease of reference as Exhibit "A".) At the hearing on the motion, I argued that while EDS's principle place of operations was in the State of Texas, after acquisition, HP was the primary defendant and was a citizen of both Delaware (its place of incorporation) and Palo Alto, California, where, according the HP's website, is where it maintains its global operational headquarters. (See, http://welcome.hp.com/country/us/en/contact/office_locs.html, "WW Headquarters" is in Palo Alto, California; A true and correct copy of this printout is attached hereto as Exhibit "B.") At the earlier hearing, Plaintiffs also resisted stay or transfer on the grounds that there was no connection between the claims and the specific class of employees encapsulated by the instant lawsuit and that sending the case to New York made absolutely no sense to *Karlbom's* proposed *California* class.

3. In September 2009, the Court entertained argument on the motions, including the issue of potential remand. At that time, Plaintiffs' counsel made an offer of proof that the Complaint did not seek the necessary minium damage threshold as required by CAFA. Plaintiffs'

counsel represented that the allegations in the Complaint made it clear that the case was not suitable for the exercise of federal subject matter jurisdiction, and offered to amend the Complaint to establish that CAFA was not implicated, both as to damage amounts sought and based on the "local controversy" exception to CAFA. Defense counsel argued that it was concerned with the risk of injunctive relief and stated, somewhat off the cuff, that it would cost HP over $5,000,000 to reclassify the employees if efforts for injunctive relief were successful. While certainly Plaintiffs did not necessarily believe the remark, it lead to an overture to discuss the potential for resolution.

4. Based on colloquy and arguments, the Court indicated that if damages specifically pled were clearly not within CAFA's threshold, then the level of proof necessary to keep the matter within federal courts changed from a "preponderance of evidence" standard to a "legal certainty" standard, per the decisions in *Lowdermilk v. United States Bank National Association* 479 F.3d 994, 997 (9th Cir. 2007) and *Guglielmino v. McKee Foods Corp.,* 506 F.3d 696 (9th Cir.2007). The Court also indicated a willingness to more closely consider the local case/controversy exception under CAFA, which had not been fully addressed in the briefing.

5. Following argument, the Court ordered a Mandatory Settlement Conference with Magistrate Judge Brooks, granted leave for Plaintiffs for file their FAC, and continued the hearing on the remand issue for supplemental briefing if negotiations failed. On November 30, 2009, Plaintiffs filed their First Amended Complaint clarifying the anti-CAFA allegations and including a prayer for damages that did not exceed $4,999,999.00. Defendants' Answered on December 17, 2009.

6. Additional circumstances have changed since the filing of the FAC relating to the fact that both class representatives, KARLBOM and now PRATKO, are *former employees*. During the last hearing, PRATKO was a current employee of HP, and thus, defense counsel was concerned of the specter of injunctive "re-classification" and wanted it considered as a valuable element of the case that weighed in favor of CAFA's jurisdictional amount in controversy requirements. Without a current employee class representative, the risk of injunctive relief has receded.

7. The attached cases, decisions and orders in the Request for Judicial Notice are supplied solely as guideposts for the Court as to how other courts have dealt with very similar arguments and evidence made in this case. Of the items presented, only *Loa v. Wickes Furniture* provides insightful analysis of the local controversy exceptions under CAFA, and even then, Judge Larson made every effort to explain that the statutory provisions were "bewildering" to say the least, and likely to cause "headache." The analysis and research provided, however, is worthy of consideration and forms the basis of Plaintiffs' claims that both discretionary and nondiscretionary home controversy exceptions to CAFA exist, irrespective of the statutory monetary threshold.

8. In light of HP's acquisition of EDS, it is unclear, based on the terms of the transaction, as to whether EDS even remains a necessary party to this action. Without EDS, however, it would appear that even minimal CAFA diversity likely does not exist. While certainly at the time of filing it was unclear whether there would be any retained liabilities by EDS after the HP transaction (and thus the inclusion of EDS in the case) Plaintiffs are unsure if this remains so and queries the impact of dismissal of EDS based on the theory that HP is a successor in wage liability to EDS.

I declare under the penalty of perjury under the laws of the United States of America and the laws of the State of California that the foregoing is true and correct and that this declaration was executed on this 12th Day of February 2010 in San Diego, California.

/s/ J. Jason Hill
J. Jason Hill, Esq.